IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DESTECH PUBLICATIONS, INC., | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PORT CITY PRESS, INC. | : | No. 11-5461 |
| Defendant | : | |

**M E M O R A N D U M**

**Stengel, J.**                                                                                       **December 1, 2011**

The plaintiff, Destech Publications, Inc. ("Destech"), filed a Motion to Remand this case, pursuant to 28 U.S.C. §1447, back to the Court of Common Pleas, Lancaster County, Pennsylvania, from which it was removed by the defendant, Port City Press, Inc. ("Port City"). I will deny plaintiff's motion.

**I.    Background**

Destech filed its Complaint against Port City in the Court of Common Pleas, Lancaster County, Pennsylvania, alleging breach of contract, negligence, and negligent and fraudulent misrepresentation. The Complaint alleges that Destech and Port City entered into a contract whereby Port City would print and deliver books to a technical program in Naples, Italy for a very large workshop known as the Fifth European Structural Health Monitoring Workshop 2010. Compl. ¶¶ 10-11.

The books were to be delivered no later than June 25, 2010 to ensure their distribution for the workshop from June 28 – July 1, 2010. Compl. ¶ 11. However, the books were not delivered until July 2, 2010, after the workshop had ended and the attendants had all gone home. Compl. ¶ 12. Destech contends that the late delivery

occurred because Port City chose an unreliable shipping contractor, Cargo Logistics, and that despite its knowledge that the materials would be late, Port City continually assured Destech everything would be on time. Compl. ¶¶ 20-21. Because of the alleged breach, Destech argues it suffered monetary and reputational damages.

On August 30, 2011, Port City removed this action based on diversity of citizenship, 28 U.S.C. §1332. It is uncontested that Destech is a Pennsylvania corporation with its principal place of business in Lancaster, PA. Compl. ¶ 1. Port City, a subsidiary of CADMUS Investments, LLC ("Cadmus"), argues that it is a Maryland corporation with its principal place of business in Maryland. (Doc. #7 at 2). Destech filed a Motion to Remand arguing that Port City has its principal place of business in Pennsylvania and, therefore, does not satisfy the requirements for 28 U.S.C. §1332.

## II.   Standard of Review

### A. Standard for Remand

Federal courts possess limited jurisdiction and thus "only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. et al. v. Williams et al., 482 U.S. 386, 392 (1987). Federal district courts have original subject matter jurisdiction over all civil actions between citizens of different states when the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a). Complete diversity between all plaintiffs and defendants is required to remove a case on the basis of diversity jurisdiction.[1] See Caterpillar Inc., 519 U.S. 61, 68

---

[1] Section 1332(c)(1) provides that for the purposes of diversity jurisdiction and removal: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business…"

(1996); Strawbridge v. Curtiss, 7 U.S. 267, 267-68 (1806).  The defendant bears the burden of establishing removal jurisdiction.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1991).

"Removal statutes 'are to be strictly construed against removal and all doubts resolved in favor of remand.'"  Id. at 456 (quoting Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. V. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1989))).  28 U.S.C. §1447 provides "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  However, there are limited grounds for remand.  Aside from the specific exceptions of lack of subject matter jurisdiction or failure to follow proper removal procedures, "cases that are properly within the federal court's jurisdiction after removal may not be remanded for discretionary reasons not authorized by the controlling statute."  Thermtron Prods., Inc. V. Hermansdorfer, 423 U.S. 336, 345 n.9 (1976).

B.  Standard for Determining Citizenship

For diversity jurisdiction purposes, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Additionally, "a subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business" when determining diversity jurisdiction.  Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp., 461 F.2d 1140, 1142 (3d Cir. 1972).  Until recently, the Third Circuit applied a "center of corporate activities" test to determine a corporations "principal place of business," which looked to the corporation's

day-to-day activities.  Kelly v. United States Steel Corp., 284 F.2d 850, 854 (3d Cir. 1960).  However, the Supreme Court recently resolved the Circuit split, overruling the Third Circuit's "center of corporate activities" test, and holding that the "nerve center" test governs.  Hertz Corp. v. Friend, 130 S.Ct. 118 (2010).  The "nerve center" test directs courts to look to "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."  Id. at 1192.  The Supreme Court stated that a corporation's nerve center will generally be "the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination, i.e. the 'nerve center,' and not simply an office where the corporation holds its board meetings..."  Id.

**III.    Discussion**

Both parties agree that this case involves issues of state law only.  Therefore, the appropriate basis for federal subject matter jurisdiction is diversity of citizenship and the Court must examine defendant's principal place of business to ascertain if the citizenship of the parties is diverse.  Destech argues that Port City has substantial business operations in Pennsylvania because Port City is a division of Cadmus, which has considerable operations in Pennsylvania, including two locations in Lancaster County.  (Doc. #4-1 at 4).  Destech cites Cadmus' businesses in Easton, Ephrata, and Lancaster, PA., and concludes that these substantial business operations defeat diversity.  (Doc. #4-1 at 5).

Port City contends that it maintains only one place of business in Maryland and is a separate and distinct entity from Cadmus.  (Doc. #7 at 4).  The Maryland facility is where all of Port City's employees are located, where the corporation performs all of its

4

functions, where the General Manager makes all decisions about corporate activities, and where Port City manages payroll and reports all financial information.  Id.  Port City argues that Destech's attempt to attribute Cadmus' Pennsylvania connections is improper and irrelevant to the nerve center analysis.  (Doc. #7 at 5).

I agree with the defendant.  By merely alleging that Port City's parent company has substantial business operations, Destech provides no factual allegations that support a finding for remand under the nerve center test.  Measuring the total amount of business activities that the corporation conducts in one particular state and determining whether they are "significantly larger" than in another State is an incorrect approach to determining a corporation's principal place of business under the nerve center test. Hertz, 130 S. Ct. at 1193.  Port City has only one office in Maryland, which it refers to as its "headquarters."  (Doc. #7 at 2).  That office is the place where its high-level officers direct, control and coordinate the corporation's activities.  Based on these facts, I am persuaded that Port City has carried its burden to establish that Pennsylvania is not its principal place of business, and I conclude that, under the nerve center test, defendant's principal place of business is Maryland.

**IV.  Conclusion**

For the foregoing reasons, I find that defendant's principal place of business is Maryland and diversity of citizenship exists among the parties.

An appropriate Order follows.